# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

Deirdre C. Glascoe
    Plaintiff

v.   Case No. AW10CV0710

Prince George's County Maryland, et al
    Defendants

## MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER AND PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION

Comes now Deirdre C. Glascoe (hereinafter "Glascoe"), plaintiff pursuant to F.R.C.P. 65 and moves this Honorable Court for a Preliminary Injunction and Temporary Restraining Order (TRO) against defendants which:

- Enjoins the defendants their agents, employees, attorneys, and all persons in active concert and participation with them from adjudicating any matters or litigation in which plaintiff is involved, directly, indirectly or as a witness; and

- Enjoins the defendants their agents, employees, attorneys, and all persons in active concert and participation with them from seizing plaintiff or plaintiff's property or business interests; and

- Enjoins the defendants their agents, employees, attorneys, and all persons in active concert and participation with them from enforcing any judgments in which plaintiff's assets are directly or indirectly affected.

1

- Grants such other and further relief as may be just and proper, including such steps as may be required to vacate all judgments and costs against Plaintiff and or Plaintiff's business interest (Colette, Inc.) which have been fraudulently or unconstitutionally procured by Defendants.

As grounds for this motion, I Deirdre C. Glascoe, deposes and says:

1. I am the above-named Plaintiff, fully familiar with the facts, papers and proceedings hereinafter referred to.
2. I am a Department of Defense contractor with a top secret clearance, whose clearance has been placed in jeopardy by an unlawful threat of arrest.
3. I adopt and incorporate as part of this affidavit Exhibits A and B attached.
4. Upon information and belief, Defendant Prince Georges County Maryland has manufactured conditions upon which I have been alleged to be in contempt of Prince George's County District Court.
5. I have not knowingly or willingly acted in contempt of court.
6. I was never served a subpoena, summons or complaint related to the matter of Prince George's County Maryland v. Colette, Inc., which though I am not a party to this action, I am being held in contempt for allegedly not responding to interrogatories on Colette's behalf.
7. Upon information and belief, I am prohibited by law, as a non-attorney, to act on behalf of Colette, Inc. in legal proceedings; whether that be asserting defenses on behalf of Colette, Inc. or answering interrogatories on behalf of Colette, Inc., this prohibition places my interest in Colette, Inc. which is 100% of the interests at risk without due process of law, unless this motion is granted.

8. A contempt hearing is scheduled for April 14, 2010 in Prince George's County District Court. I believe this hearing is a tactical hearing scheduled for the sole purpose of retaliating against me, maliciously incarcerating me and potentially subjecting me to bodily injury once my body has been unlawfully seized, as further retaliation consistent with what has been alleged in my complaint.

9. On March 14th, I filed a Motion to Quash Subpoena for the contempt hearing (Exhibit A); I have not received a ruling on that motion.

10. Based on a pattern of actual and demonstrated retaliatory acts that Defendants have commenced against Plaintiff, particularly Prince George's County District Court's repeated failure to follow Maryland Rules of Civil Procedure, and/or acknowledge Plaintiff's constitutional rights, (As demonstrated through Exhibits A and B) Plaintiff fears that she will not receive a fair hearing and if left solely in the hands of Prince George's County District Court, I believe I will be incarcerated regardless of my defenses against civil contempt.

11. Upon information and belief, Defendant Prince George's County District court has maliciously issues orders which resulting in the unlawful taking of Glascoe's property interests and liberty, for which is has no legal authority or basis. The orders have all violated Glascoe' right to due process, Exhibit A and B of the attached motion are examples of orders issued by Prince George's County District Court that violate Glascoe's right to due process.

12. The preliminary injunction and TRO which Plaintiff seeks to be enforced for the duration of this action is requested by reason of Defendants' actual and demonstrated bias against Plaintiff (see Exhibits A&B) and which would

temporarily restrain the Defendants, their agents, employees, attorneys, and all persons in active concert and participation with them from continuing to commence retaliatory legal action against Plaintiff directly, indirectly, through her business interest Colette, Inc. and from enforcing unconstitutional and fraudulently procured judgments against Plaintiff and her business interests Colette, which are acts of retaliation and are in violation of Glascoe's constitutionally protected right to be free from retaliation.

13. Consequently, unless the Defendants are restrained by this Court from adjudicating cases in which Plaintiff is involved, Plaintiff will face continuing immediate and irreparable loss of, and injury to, her property, liberty, reputation and business interests; and of particular concern is Plaintiff's Department of Defense Top Secret Clearance which will be irrevocably damaged and in all likelihood taken away if Plaintiff is incarcerated as a result of being the victim, yet again, of a kangaroo court, namely the manufactured contempt hearing scheduled for ==April 14, 2010== in Prince George's County District Court, where Glascoe has been falsely accused of being in civil contempt for failing to appear as a witness in the matter of Prince George's County v. Colette, Inc.

14. The contempt hearing is being held on the basis that Glascoe allegedly violated a court order compelling discovery from Colette, Inc. However the order violates Glascoe's due process rights, because Glascoe was never subpoenaed to appear as a witness nor was Glascoe made a party to the action in any way before her liberty interests were placed in jeopardy. In addition, Prince George's County District Court lacks personal and subject matter jurisdiction in an action against Colette

Inc.; and Prince George's County is an improper venue as Colette, Inc. is a Virginia Corporation, which has never had legal presence in Prince George's County Maryland. Colette, Inc. has never been served a summons and complaint and has never owned property in Prince George's County Maryland, which is the alleged basis of the $495 claim that Prince George's County Maryland has made against Colette, Inc.

15. Ordering Glascoe to act on Colette's behalf to answer interrogatories violates both Glascoe and Colette's due process rights because the law prohibits Glascoe from also acting on Colette's behalf to assert Colette's defenses (which would include exercising Colette's right to file a counter claim and remove the action to Federal Court pursuant to 28 USCA §1441 and 28 USCA §1446 based on the grounds of Diversity exceeding $75K and Federal Question).

16. It is a violation of Glascoe's 4th amendment rights to place Glascoe's liberty in jeopardy for not engaging in legal activities (whether it be asserting a defense or answering interrogatories) on behalf of Colette; as in the capacity of witness, Glascoe can not answer interrogatories propounded on Colette. Issuing an order compelling discovery in a case in which Glascoe is not a party to the matter, then holding Glascoe in civil contempt when Colette does not respond, does not substitute for properly serving a subpoena upon Glascoe or issuing a summons and complaint upon Glascoe, pursuant to Maryland Rules of Civil procedure. Glascoe cannot be expected to monitor orders or act upon orders issued in a case in which Glascoe is not a party. Glascoe is a resident of Virginia, and had no

knowledge of court orders issued in Maryland in the matter of Prince George's County Maryland v. Colette, Inc.

17. Prince George's County District Court is not only acting outside of its jurisdiction by holding a contempt hearing against Glascoe, but doing so violates Glascoe's 4th and 14th Amendment rights.

18. Due to the pattern of bias against Glascoe, as detailed in the complaint and attached exhibits, it is Glascoe's fear that purely out of malice, if she attends the hearing on April 14th in Prince George's County District Court, she will be found in contempt of court and incarcerated, no matter what her defense is, simply by reason of Defendants actual and demonstrated bias against Glascoe.

19. There is no loss to Defendants by the granting of Plaintiff's request for a preliminary injunction herein pending the outcome of this action and for a temporary restraining order pending the hearing and determination of this motion.

20. However, if Defendants can establish with this Court a basis for any perceived prejudice or loss by granting the injunction, Plaintiff is willing to pay into the court, a security deposit from her personal funds, in the amount of $495, which is the amount that Defendant Prince George's County Maryland falsely alleges Plaintiff's business interest (Colette, Inc.) owes it.  This would protect Prince George's County Maryland alleged interest, because if they are legitimately owed a debt, (which it is Plaintiff's contention, they are not) it would eliminate the cost of paying Carl A. Harris, Esquire to collect the debt, since it is reasonable to infer that Defendant Prince George's County Maryland is paying Carl A. Harris more than $495 to collect an alleged $495 debt, which in and of itself raises question of

knowledge of court orders issued in Maryland in the matter of Prince George's County Maryland v. Colette, Inc.

17. Prince George's County District Court is not only acting outside of its jurisdiction by holding a contempt hearing against Glascoe, but doing so violates Glascoe's 4th and 14th Amendment rights.

18. Due to the pattern of bias against Glascoe, as detailed in the complaint and attached exhibits, it is Glascoe's fear that purely out of malice, if she attends the hearing on April 14th in Prince George's County District Court, she will be found in contempt of court and incarcerated, no matter what her defense is, simply by reason of Defendants actual and demonstrated bias against Glascoe.

19. There is no loss to Defendants by the granting of Plaintiff's request for a preliminary injunction herein pending the outcome of this action and for a temporary restraining order pending the hearing and determination of this motion.

20. However, if Defendants can establish with this Court a basis for any perceived prejudice or loss by granting the injunction, Plaintiff is willing to pay into the court, a security deposit from her personal funds, in the amount of $495, which is the amount that Defendant Prince George's County Maryland falsely alleges Plaintiff's business interest (Colette, Inc.) owes it.  This would protect Prince George's County Maryland alleged interest, because if they are legitimately owed a debt, (which it is Plaintiff's contention, they are not) it would eliminate the cost of paying Carl A. Harris, Esquire to collect the debt, since it is reasonable to infer that Defendant Prince George's County Maryland is paying Carl A. Harris more than $495 to collect an alleged $495 debt, which in and of itself raises question of

the legitimacy of the debt, and the flagrant disregard to the actual and potential cost to taxpayers and Glascoe which will result if Glascoe is incarcerated as a means to collect a $495 debt.

21. As further grounds for the motion for preliminary injunction and temporary restraining order, I adopts and incorporates the facts and arguments asserted in **Exhibit A – Motion To Quash Subpoena**, filed and pending in Prince George's County District Court, **Exhibit B- Motion to Set Aside Void Default Judgment** which was filed and pending in United States District Court, Eastern District of Virginia, Alexandria Division, and the allegations in Plaintiff's Complaint, which demonstrate Defendants' bias, ill will and animus toward Glascoe, which has been manifested in a pattern of rulings designed to deprive Glascoe of life, liberty and property interests since 2003.

WHEREFORE, for the reasons stated herein and in attached exhibits, Plaintiff prays that this motion be granted and for such other and further relief as the Court deems just and proper.

Respectfully Submitted by

*Deirdre C Glascoe*

Deirdre Glascoe
P.O. Box 6873
Woodbridge, VA  22195
Phone: (301) 980-6988
Email: glascoed@aol.com

Sworn to before me this
29th day of March 2010

ROSEMARIE C. HOGAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2010

Notary Public   Registration # 7037905

7

## CERTIFICATE OF SERVICE

I hereby certify that the motion for preliminary injunction and temporary restraining order and plaintiff's affidavit was served on the attorneys listed below on behalf of the judicial defendants and Prince George's County Maryland by certified priority mail, postage prepaid on March 30, 2010.

Doug Gansler
Maryland Attorney General's Office
200 St. Paul Place
Baltimore, MD 21202

Stephanie Anderson
County Attorney for Prince George's County Maryland
14741 Governor Oden Bowie Dr                )
Upper Marlboro, Maryland 20772:

Carl A. Harris
Carl A. Harris & Associates
Attorney for Prince George's County Maryland
In re: Prince George's County v. Colette, Inc.
14700 Main Street, POB 1168
Upper Marlboro, MD 20773-1168.

Thomas J. Love,
Courthouse
14735 Main Street Room 173B
Upper Marlboro, MD 20772

Deirdre C. Glascoe