# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
## DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk                                           Reply to Southern Division Address

October 7, 2010

Deirdre C. Glascoe
P.O. Box 6873
Woodbridge, VA 22195

>        RE:     Glascoe v. Prince Georges County, Maryland et al
>                Civil No. AW 10 CV 710

Dear Ms. Glascoe:

        The Defendant(s), Mary Abrams, Robert M. Bell, Douglas F. Gansler, Glenn F. Ivey, Thomas J. Love, Peggy Magee, Maryland Attorney Grievance Commission, Maryland Commission on Judicial Disabilities, Maryland Court of Special Appeals, William D. Missouri, C. Phillip Nichols, Jr., Martin O'Malley, Prince George's County Circuit Court, Prince George's County District Court, Thomas P. Smith, Jack B. Johnson, and Prince Georges County, Maryland have filed a motion to dismiss or for summary judgment. If this motion is granted, it could result in the dismissal of your case or the entry of judgment against you.

        **You have the right to file a response to this motion within seventeen (17) days from the date of this letter.** Your response should respond to and explain the facts or matters stated in the motion, but please note that Local Rule 105.3 limits the length of a memorandum to 25 pages, excluding affidavits, exhibits, and attachments. If appropriate, your response may include affidavits (statements made under oath); declarations (statements made subject to the penalty of perjury under 28 U.S.C. § 1746); or other materials contesting the affidavits, declarations, or records filed by the defendant(s).

        **You must send a copy of all materials filed in your response to all other parties or, if represented, to their attorneys.** Please include a certificate of service with the response you file with this Court. Your certificate of service should state that you mailed a copy of your response to them, how you mailed the copy, and when you mailed the copy.

        **If you do not file a timely written response, the Court may dismiss the case or enter judgment against you without further notice.** For your reference, a copy of Federal Civil Rules 12 and 56, which govern a motion to dismiss or summary judgment, are attached to this letter.

                        Sincerely,

                        FELICIA C. CANNON, CLERK

                By:     _____/s/_____

                        C. Martin,  Deputy Clerk

Enclosures
cc:     Opposing Counsel

U.S. District Court (Rev. 05/2010)

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

**(a) TIME TO SERVE A RESPONSIVE PLEADING.** (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
(A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States. (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim. (C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time. (2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney. (3) United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later. (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.
**(b) HOW TO PRESENT DEFENSES.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.
**(c) MOTION FOR JUDGMENT ON THE PLEADINGS.** After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.
**(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
**(e) MOTION FOR A MORE DEFINITE STATEMENT.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.
**(f) MOTION TO STRIKE.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
**(g) JOINING MOTIONS.** (1) Right to Join. A motion under this rule may be joined with any other motion allowed by this rule. (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.
**(h) WAIVING AND PRESERVING CERTAIN DEFENSES.** (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course. (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial. (3) Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.
**(i) HEARING BEFORE TRIAL.** If a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; eff. Dec. 1, 2009.)

---

**Rule 56. Summary Judgment**
**(a) BY A CLAIMING PARTY.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.
**(b) BY A DEFENDING PARTY.** A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment
**(c) TIME FOR A MOTION, RESPONSE, AND REPLY; PROCEEDINGS.** (1) These times apply unless a different time is set by local rule or the court orders otherwise: (A) a party may move for summary judgment at any time until 30 days after the close of all discovery; (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and (C) the movant may file a reply within 14 days after the response is served. (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
**(d) CASE NOT FULLY ADJUDICATED ON THE MOTION.** (1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts — including items of damages or other relief — are not genuinely at issue. The facts so specified must be

treated as established in the action. (2) Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.
**(e) AFFIDAVITS; FURTHER TESTIMONY.** (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.
**(f) WHEN AFFIDAVITS ARE UNAVAILABLE.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.
**(g) AFFIDAVITS SUBMITTED IN BAD FAITH.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; eff. Dec. 1, 2009)

---

**28 USC § 1746.  Unsworn declaration under penalty of perjury.**
Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:  (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)"  (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)"
(Added Pub. L. 94–550, § 1(a), Oct. 18, 1976, 90 Stat. 2534.)