IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEIRDRE C. GLASCOE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| | * | Civil Action No. AW-10-710 |
| vs. | * | |
| | * | |
| PRINCE GEORGE'S COUNTY, | * | |
| MARYLAND, *et al.*, | * | |
| | * | |
| Defendants | * | |

******

**ORDER**

Pending before the Court are several different motions to dismiss filed by various Defendants. *See* Doc. Nos. 25-26, 29. The Court has reviewed the Complaint and the memoranda submitted by the Parties and finds that no hearing is necessary. *See* MD. LOC. R. 105(6). For the reasons stated below, the Court GRANTS the Defendants' motions because all of Plaintiff's claims have either already been adjudicated by the Maryland state court system, or they fail to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

The purpose of a motion to dismiss is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

Although Plaintiff has filed an enormous 94-page Complaint (with her 342-page book attached as Exhibit A), she has not presented any facts that entitle her to legal relief. The Complaint narrates the sad history of her interactions with a condominium called The Seville and with the Maryland legal system. Plaintiff alleges that a vast RICO conspiracy is responsible for the troubles she has encountered along the way: each person or entity that disagreed with her or thwarted her goals at any point during her quest for justice is (according to the Complaint) a member of this far-flung conspiracy. The conspiracy allegedly includes judges, lawyers, Maryland policymakers, and others. The alleged objective of the conspiracy is to retaliate against her, initially for exposing the illegal actions of Poretsky Management, Inc. (property manager for The Seville), and later for exposing the corruption of the Maryland legal system.

The extensive allegations and arguments of the Complaint can be sorted into four categories: (1) allegations that are barred by the doctrine of *res judicata*, because they have already been fully adjudicated in the Maryland legal system (*i.e.*, Plaintiff's claims relating to The Seville and Poretsky Management), (2) allegations that merely state a legal conclusion, but do not provide facts to support that conclusion (*i.e.*, the countless instances where Plaintiff labels a person or entity as a co-conspirator without any supporting facts), (3) factual allegations that, even taken as true, do not provide a plausible basis for inferring wrongful conduct (*i.e.*, Plaintiff's attempt to infer discriminatory intent or conspiracy from the fact that judges denied her motions, without ruling out obvious alternative explanations for the judges' actions), or (4) baseless challenges to the constitutionality of a wide range of Maryland statutes and regulations relating to the legal profession. Even though the Court reads the Complaint in the light most favorable to the Plaintiff at the motion-to-dismiss stage, Plaintiff must present something more

than fanciful conspiracy theories and subjective attacks on the state legal system if she wanted to set forth cognizable claims. She has not done so. Accordingly, it is, this 8th day of November, 2010, ordered that:

1) Defendants' Motions to Dismiss, Doc. Nos. 25-26, 29, are GRANTED,

2) The Clerk CLOSE this case, and

3) The Clerk transmit a copy of this Order to counsel of record, and mail a copy to the *pro se* Plaintiff.

/s/
Alexander Williams, Jr.
UNITED STATES DISTRICT JUDGE